UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM E. LONG and SHIRLEY SKAFEC-LONG,**

Plaintiffs,

v.    Case No.: 8:12-cv-1943-T-35-TBM

**RICHARD COLSON BAKER, a/k/a "MACHINE GUN KELLY"**,

Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Report and Recommendation issued by Magistrate Judge Thomas B. McCoun III on June 20, 2014 (Dkt. 142). The Report and Recommendation recommends that Plaintiff's Motion for Partial Summary Judgment (Dkt. 98) be granted in part and denied in part, and that Defendant's Motion for Summary Judgment (Dkt. 99) be denied. Plaintiffs timely filed objections to the Report and Recommendation (Dkt. 147), to which Defendant filed a response (Dkt. 152). Defendant also timely filed objections to the Report and Recommendation (Dkt. 150). Plaintiffs did not respond to Defendant's objections.

**I. Procedural History**

Plaintiffs, William E. Long and his wife, Shirley Skafec-Long, filed a three-count Complaint that was removed to this Court on August 28, 2012. The Complaint alleges that Defendant, a musical performer, and his entourage initiated and engaged in a bar fight at Bishop's Tavern in St. Petersburg, Florida, on January 29, 2012. Mr. Long was

employed as a bouncer at Bishop's Tavern. He alleges that, during his attempt to quell the fracas, he was struck on his right hand by a bottle of liquor that was being swung by Defendant. Mr. Long suffered a laceration across the knuckle of his hand, which subsequently became infected and required surgery, physical therapy, and antibiotic treatment. In Count I of the Complaint, Mr. Long asserts a claim for battery. In Count III, Mrs. Long asserts a claim for loss of consortium.[1]  Defendant filed an Answer in which he denied all the pertinent allegations and asserted twenty-four affirmative defenses.

**II. Standard of Review**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Farias–Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper–Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).  A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256–58.

---

[1] Count II was dismissed with prejudice on October 2, 2012. (Dkt. 15)

**III. Discussion**

   A. <u>Plaintiff's Objections</u>

In their Motion for Partial Summary Judgment, Plaintiffs contend that there is no evidence to support Defendant's affirmative defenses, and that they are entitled to summary judgment on all the affirmative defenses pertaining to self-defense, unintentional touching, negligence, and accident. In the Report and Recommendation, Judge McCoun recommended that Plaintiffs' motion be granted as to Defendant's First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Eleventh, Thirteenth, Fifteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Third, and Twenty-Fourth Affirmative Defenses, and that the motion be denied as to Defendant's Second, Ninth, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twentieth, and Twenty-Second Affirmative Defenses.

Plaintiff raises the following objections to Judge McCoun's recommendations: (1) the Eleventh affirmative defense should have been stricken <u>with</u> prejudice; (2) the Twelfth affirmative defense should have been stricken; and (3) the Twentieth and Twenty-Second defenses should have been stricken.

In his Eleventh affirmative defense, Defendant alleges that Plaintiffs fail to state a claim for which relief can be granted. The Court agrees with Judge McCoun that failure to state a claim for which relief may be granted is not an affirmative defense, but rather, a failure of pleading. See <u>U.S. v. Halifax Hosp. Medical Center</u>, 2013 WL 6017329 (M.D. Fla. Nov. 13, 2013). As such, it is appropriate to strike this defense, but Defendant should not be precluded from otherwise asserting this failure of pleading as a specific denial of Plaintiffs' allegations. See <u>Geller v. von Hagens</u>, 2011 WL 2581187, *3 (M.D. Fla. June

29, 2011) (finding "failure to state a claim" was not a sufficient affirmative defense, but treating it as a specific denial of plaintiffs' claims); Denarii Systems, LLC v. Arab, 2013 WL 500826, *6 (S.D. Fla. Feb. 11, 2013) (same). Accordingly, the Court agrees with Judge McCoun's recommendation that the Eleventh Affirmative Defense be stricken without prejudice.

With respect to Judge McCoun's recommendations that the Twelfth, Twentieth, and Twenty-Second affirmative defenses not be stricken, Plaintiffs' objections are merely reassertions of the same arguments they made in their Motion for Partial Summary Judgment. The Court believes these arguments were properly considered and sufficiently addressed by Judge McCoun, particularly in footnote 6 of the Report and Recommendation.

B. Defendant's Objections

In his Motion for Summary Judgment, Defendant argues summary judgment is warranted on Mr. Long's battery claim because there is no genuine issue of material fact with respect to whether Defendant intended to injure Mr. Long and whether the injury Mr. Long suffered was caused by Defendant swinging the bottle. Judge McCoun recommended that Defendant's motion be denied because the evidence proffered by Plaintiffs establishes genuine issues of material fact as to the allegations of battery.

Defendant objects to the Report and Recommendation, asserting the same arguments with respect to intent and causation that he made in his motion for summary judgment. Again, the Court finds that these argument were properly considered by Judge McCoun. Upon its own review of the facts and the applicable law, the Court agrees with Judge McCoun that there are genuine issues of material fact about the events that took

place on the night of January 29, 2012, particularly whether Defendant intended to cause a harmful and offensive contact with Mr. Long, and whether Mr. Long's injuries were a result of being struck with the bottle being swung by Defendant. The Court is unable to resolve the disputed testimony upon a motion for summary judgment and believes that a reasonable jury could resolve these issues in favor of either party, depending on which version of the facts it finds most persuasive. The ability to weigh the evidence and make determinations of credibility lies within the province of the jury, not the Court. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because this case rests so heavily on competing versions of the facts, summary judgment is inappropriate.

In addition to his substantive objections, Defendant also objects to Judge McCoun's recommendation that his Third, Fourth, Tenth, Thirteenth, and Eighteenth affirmative defenses should be stricken because they were waived by Defendant at the June 17, 2014 hearing on the Parties' motions for summary judgment. The Court has reviewed the audio transcript of that hearing. Counsel for defendant made no objection when Judge McCoun determined that the Third and Fourth affirmative defenses appeared to have been waived by agreement of the Parties. Additionally, counsel expressly conceded that the Tenth, Thirteenth, and Eighteenth affirmative defenses were not applicable to the facts of this case. Accordingly, the Court finds that each of these defenses were waived.

Finally, the Court agrees with Judge McCoun's determination that Defendant's Fifth, Eleventh, and Fifteenth affirmative defenses do not state affirmative defenses recognized under Florida law, but pertain to issues that may be appropriate to raise by motion at some other point in the course of this litigation.

### IV. CONCLUSION

Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, including a *de novo* review of both Plaintiffs' and Defendant's objections, the Court is of the opinion that the Report and Recommendation should be ADOPTED, CONFIRMED, and APPROVED in all respects.

It is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 98) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff's Motion for Partial Summary is **GRANTED** as to Defendant's First, Third, Fourth, Sixth, Seventh, Eighth, Tenth, Thirteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Third, and Twenty-Fourth Affirmative Defenses, which are **STRICKEN with prejudice**. Defendant's Fifth, Eleventh, and Fifteenth Affirmative Defenses are **STRICKEN without prejudice**.

3. Plaintiff's Motion for Partial Summary is **DENIED** as to Defendant's Second, Ninth, Twelfth, Fourteenth, Sixteenth, Seventeenth, Twentieth, and Twenty-Second Affirmative Defenses.

4. Defendant's Motion for Summary Judgment (Dkt. 99) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on this 7th day of August 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record